(C.D. 2701)

## J. M. ALTIERI v. UNITED STATES

United States Customs Court, Third Division

(Decided June 2, 1966)

*Jaime Pieras, Jr.,* for the plaintiff.
*John W. Douglas,* Assistant Attorney General (*Morris Braverman,* trial attorney), for the defendant.

Before DONLON and RICHARDSON, Judges

RICHARDSON, Judge: The merchandise of these consolidated protests consists of coffee and coffee preparations which were imported into Puerto Rico from the United States. It is claimed that liquidation of the subject entries is void because liquidation was based upon an unconstitutional statute. The protest was submitted to the court upon a stipulation made in open court as follows:

MR. PIERAS: May I please the court, I offer to stipulate on the basis of C. O. Mason, Inc., versus United States, protest number 60/19760, and also the case of Bordas & Company versus United States, 60/31403, that the merchandise, facts and issues involved in the instant protests are the same in all material respects as the merchandise, facts and issues the subject of the cases before cited, and that judgment be entered by this honorable court in the same form and manner as that entered in the case of Bordas & Company versus United States, which we have cited herein before. That judgment was entered at New York on the 7th day of November, 1962.

MR. BRAVERMAN: The Government will stipulate that the merchandise, the facts and issues in all of the cases on the four protests before the Court are the same in all material respects as United States against C. O. Mason, Inc., and others, found in 51 C.C.P.A., 107, C.A.D. 844, and that the liquidation in all of these cases were premature, following the decision of the court in C.A.D. 844.

Accepting this stipulation as evidence of the facts, and upon the authorities referred to therein, we hold that the claim of the plaintiff that liquidation of the subject entries is void, because founded upon an unconstitutional statute, is sustained. The instant protests are, therefore, dismissed for prematurity. It is the duty of the director to

liquidate the involved entries in the manner provided by law so that the plaintiff may file a timely protest against such liquidation if he be so advised.

Judgment will be entered accordingly.